THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* MARTÍN SALAS CORTÉS, Defendant and Appellant.

No. 9252.   Argued June 22, 1942.—Decided July 13, 1942.

676

*Herminio Miranda Negrón* for appellant. *George A. Malcolm, Attorney General, R. A. Gómez, Prosecuting Attorney,* and *Luis Negrón Fernández, Assistant Prosecuting Attorney,* for appellee.

MR. JUSTICE DE JESÚS delivered the opinion of the court.

The appellant was convicted and sentenced to ten months in jail for involuntary manslaughter. This appeal has been taken from an order denying a new trial and from the judgment of conviction. In support of the appeal it is urged that the trial judge was moved by partiality; that the verdict is contrary to law and the evidence; and, lastly, that the court erred in dismissing the motion for a new trial.

The alleged partiality on the part of the judge below rests on the following incidents:

1. Nicolás Ortiz, a witness for the prosecution, had made certain statements when the case was being investigated which, as appears from the record, did not harmonize with

what he meant to testify at the trial, for which reason the court warned him that if he had testified under oath regarding the distance between the deceased and the jitney of the accused after running over her, he must there testify and tell the truth.

2. Nelia Ester Lugo, a witness for the defendant, testified that the witnesses for the defendant saw the accident and that none of the witnesses for the prosecution was at the place of the accident. Upon the district attorney asking her whether, notwithstanding her statement, it was not true that she had not testified before the municipal judge and upon the attorney for the defendant objecting to the question, the judge stated that as the district attorney was cross-examining and it being known to him that the witness had not testified before the district attorney, such question was permissible.

3. While Bartolo García, a witness for the defendant, was on the stand the district attorney asked him whether he was testifying at the trial at the request of the accused. Attorney Mercader for the defendant stated that he was not going to object to the question and the judge then addressing the witness, said: "Who brought you here to testify? Answer."

4. Lastly, in his instructions to the jury the judge explained to them the precautions that should be taken by drivers of motor vehicles when meeting pedestrians on the highways so as to avoid injuring them.

The fact that the judge warned the witness that it was his duty to tell the truth does not show that he was at all prejudiced against the accused. It appears from the record that the witness had testified at the preliminary inquiry in a way contrary to that in which he was trying to testify in court and as one testimony conflicted with the other, it was the proper thing for the judge to remind him that it was his duty to tell the truth. If a wrong impression might have

been caused by the language of the judge, the same was destroyed when, upon objection being made by the defendant the judge explained that he only said that it was the duty of the witness to tell the truth. The error, if any, was not prejudicial to the accused, as is shown by the question that Attorney Mercader himself put to Juan Vélez Nadal, a witness for the prosecution, which was answered affirmatively, to wit: "Did the bus then stop a little way farther past where it struck and ran over her?"

■ Nor was partiality shown on the part of the judge by the fact that he allowed the district attorney to ask one of the witnesses for the defendant whether she had not testified at the preliminary inquiry. This was a circumstance that the jury might have taken into account for the purpose of judging the credibility of the witness, for if the witness had been present at the time of the accident, in the absence of a satisfactory explanation, it is most probable that she had testified at the preliminary inquiry and would not have reserved her testimony until the trial. This does not mean that such mere circumstance should prevent the jury from believing the witness, but, as stated before by us, the jury might take it into account with the other attendant circumstances in order to judge her credibility.

■ Nor did the court err in allowing the district attorney to ask Bartolo García, a witness for the defendant, whether he was testifying at the trial at the request of the accused, especially since it appears from the record that upon such question being put, the attorney for the defendant stated that he was not going to object thereto.

■ Lastly, the court was right in transmitting to the jury instructions regarding the duty of drivers of motor vehicles when meeting pedestrians on the highways. The instructions transmitted to the jury were to the effect that it was the duty of drivers of the vehicles to drive as far away from pedestrians so as not to injure them and that the fact that

the driver was keeping to the right and that the pedestrian was not, does not justify the former in driving the vehicle against the latter and injuring her.

■ The second assignment is without merit. The evidence was conflicting. That for the prosecution tended to show that the accused was driving very fast from Utuado towards Arecibo; that the deceased and her sister were traveling in the opposite direction on their right and that on the stretch of road between the bus and the place along which the girls were travelling there were some people who signaled the accused to take them; that the accused applied the brakes to take the passengers but that in so doing the vehicle swerved to the left, running over the younger of the girls, the other escaping by throwing herself into the ditch. That for the defendant tended to show that the accused was traveling at between 18 and 20 kilometers per hour, along his right and sounding the horn; that the girls were traveling in the opposite direction also along their right and that, upon the vehicle approaching them, the elder pushed her sister towards the left and she was run over by the vehicle notwithstanding the efforts made by the accused to avoid the accident. In settling the conflict in the evidence the jury adjusted the same in favor of the prosecution, and as the defendant has not shown in any way that such weighing was manifestly erroneous, we must not disturb the conclusion reached by the jury.

■■ The motion for a new trial was clearly improper. The accused in his motion fails to state in what the steps taken consisted in order to obtain, prior to the trial, the evidence which, according to him, he discovered afterwards. All that he stated in his motion was that he did his best to discover the evidence in question and that it was impossible for him to do so prior to the trial. As stated by us in the case of *People* v. *Ruiz,* decided on the 23d of last month (*ante,* p. 604), where a motion similarly worded was involved,

"such mere conclusions are not supported by facts from which we might determine the sufficiency of the steps as well as the impossibility of timely securing such testimony."

· Irrespective of such defect, which would in itself be sufficient ground for denying the motion for a new trial, it appears from an examination of the evidence, alleged to be newly discovered, that construing the same in the manner most favorable to the accused it would at the most be cumulative, and, such being the case, the granting of a new trial on that ground would not be proper either. See the case of *People* v. *Ruiz, supra,* and the monograph in 46 L.R.A. (N. S.) 903.

· For the foregoing reasons the appeal must be dismissed and the judgment appealed from affirmed.

Mr. Justice Travieso did not participate herein.